# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br>GERALD J. WROBLEWSKI, et al.,<br>                      Defendant. | CASE NO. 07cv81 BTM(WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** |

The United States of America ("United States") has filed a motion for summary judgment against Defendants Gerald J. Wroblewski ("Mr. Wroblewski") and Sharon M. Wroblewski ("Mrs. Wroblewski") (collectively "the Wroblewskis"). For the reasons discussed below, the United States' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART.**

## I. FACTS

The United States commenced this action to reduce to judgment federal income tax assessments against the Wroblewskis, individually and jointly, and to foreclose federal tax liens against property located at 1269 Farmington Place, San Marcos, California, 92078 ("Subject Property"). The United States does not seek to collect "protective assessments" that were made against the Wroblewskis in tax years 1994, 1995, and 1996. The United States also does not seek to reduce to judgment penalties and interest on penalties that were

assessed against the Wroblewskis because these amounts were arguably discharged in bankruptcy in 2006. (The Wroblewskis filed a Chapter 7 bankruptcy petition in 2005.)

Excluding the protective assessments, penalties, and interest on penalties, the United States seeks to reduce to judgment the following amounts:

**Individual Assessments Against Mr. Wroblewski**

| | |
|---|---|
| Tax Year 1994: | $ 6,758.90 |
| Tax Year 1995: | $ 7,264.72 |
| Tax Year 1996 | $22,011.41 |
| **Total:** | $36,035.03 plus interest accruing after 9/5/08 |

**Individual Assessments Against Mrs. Wroblewski**

| | |
|---|---|
| Tax Year 1994: | $ 7,275.08 |
| Tax Year 1995: | $ 8,249.21 |
| Tax Year 1996: | $32,466.34 |
| **Total:** | $47,990.63 plus interest accruing after 9/5/08 |

**Joint Assessments Against the Wroblewskis**

| | |
|---|---|
| Tax Year 1997 | $42,610.70 |
| Tax Year 1998 | $89,581.92 |
| Tax Year 1999 | $69,455.50 |
| Tax Year 2000 | $11,213.26 |
| Tax Year 2001 | $ 8,306.36 |
| Tax Year 2002 | $ 4,611.55 |
| **Total:** | $225,779.29 plus interest accruing after 9/5/08 |

## II. DISCUSSION

The Wroblewskis do not claim to have paid the amounts that the United States seeks to reduce to judgment. Instead, the Wroblewskis question the computation of their individual tax liabilities and contend that their individual and joint liabilities (with the exception of their joint liabilities for 2002) were discharged in bankruptcy. However, as discussed below, the Wroblewskis have failed to raise a triable issue of material fact with respect to either the amount or nondischargeability of their liabilities.

A. Computation of Individual Liabilities

As discussed above, the United States does not seek to collect the "protective assessments" that were assessed against Mr. and Mrs. Wroblewski, individually, for tax years 1994, 1995, and 1996. Nevertheless, the Wroblewskis argue that it is unclear how the protective assessments were made and how they were corrected. In response to this argument, the United States clarified that: (1) Mr. Wroblewski was assessed tax based on 100% of his community property income; (2) Mrs. Wroblewski was assessed tax on 50% of her community property income; (3) the following protective assessments were made against Mr. Wroblewski: 1994: $9,715; 1995: $10,810; 1996: $45,419; (4) the following protective assessments were made against Mrs. Wroblewski: 1994: $96,475; 1995: $9,318.50; 1996: $3,622.50; (5) these protective assessments are excluded from the total unpaid balances that the United States seeks to reduce to judgment. (Decl. of Rosanna Savala in Support of Reply, ¶¶ 7-9.) The United States has provided sufficient information regarding how the protective assessments were calculated and how they have been excluded from the amounts sought in this action.

The individual assessments against Mr. and Mrs. Wroblewski are supported by Certificates of Assessments and Payments (Exs. A-G to Decl. of Rosanna Savala.) The introduction of Certificates of Assessments and Payments establishes a prima facie case for the United States. United States v. Jones, 33 F.3d 1137, 1139 (9th Cir. 1994). The burden then shifts to the taxpayer to show that he or she is not liable for the assessment.

The Wroblewskis generally argue that there is uncertainty regarding the computation of the assessments and complain that when they have asked the IRS for payoff numbers, they have been given different answers. However, the Wroblewskis do not point to any specific inaccuracies in the United States' computations, nor do they provide calculations of their own.[1] Therefore, the Wroblewskis have failed to satisfy their burden of showing that the amounts of the assessments are incorrect.

Furthermore, Mrs. Wroblewski is barred from challenging her individual assessments. Mrs. Wroblewski unsuccessfully challenged her individual assessments for tax years 1994 through 1996 in the United States Tax Court. (Ex. 4 to Decl. of Michael G. Pitman.) The Tax Court's adjudication of Mrs. Wroblewski's tax liabilities for tax years 1994 through 1996 is res judicata as to any subsequent proceedings involving the same liabilities.

B. Bankruptcy Discharge

Generally, a debtor who files a Chapter 7 bankruptcy petition is discharged from personal liability for all debts that arose before the filing of the petition, including those related to unpaid taxes. 11 U.S.C. § 727(b). However, 11 U.S.C. § 523 provides for the following exception:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
>
> (1) for a tax or a customs duty--
>
> (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
>
> (B) with respect to which a return, or equivalent report or notice, if required--

---

[1] In a declaration, Robert J. Gumser, the Wroblewskis' attorney, complains that the United States did not submit detailed interest computations. However, IRS Officer Rosanna Savala explains that she determined the amount of interest due by using an IRS computer program. (Decl. of Rosanna Savala, ¶¶ 6-7.) Ms. Savala is familiar with the proper use of the IRS computer interest calculation functions. (Id.) Ms. Savala's declaration is sufficient to establish a prima facie case regarding the amount of interest that is owed. The Wroblewskis have not submitted evidence shedding doubt on these interest calculations or the method that was used to derive them.

>                (i) was not filed or given; or
>
>                (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
>
>           (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax . . . .

In order for a document to qualify as a "return," within the meaning of section 523(a)(2)(B), the document (1) must purport to be a return; (2) must be executed under penalty of perjury; (3) must contain sufficient data to allow calculation of tax; and (4) must represent an honest and reasonable attempt to satisfy the requirements of the tax law. In re Hatton, 220 F.3d 1057 (9th Cir. 2000).

The United States has no record of Mr. Wroblewski ever filing a form 1040 for tax years 1994, 1995, or 1996. (Decl. of Rosanna Savala, ¶ 14.) The United States also has no record of Mrs. Wroblewski filing a Form 1040 for tax years 1994 or 1995. (Decl. or Rosanna Savala, ¶ 15.) Mrs. Wroblewski did file a Form 1040 for tax year 1996. However, in that Form 1040, Mrs. Wroblewski reported her income as "0" and made nonsensical arguments regarding why she was not liable for taxes. (Ex. R to Decl. of Rosanna Savala.) Therefore, the Form 1040 for tax year 1996 does not qualify as a "return."

Mr. and Mrs. Wroblewski both declare that they filed returns for tax years 1994, 1995, and 1996. (Decl. of Sharon M. Wroblewski, ¶ 11; Decl. of Gerald J. Wroblewski, ¶ 11.) However, they do not attach copies of the alleged returns, nor do they establish that these alleged returns satisfied the requirements set forth above. In 2003, the IRS received a purported joint tax return from the Wroblewskis for tax year 1995. (Decl. of Rosanna Savala in Support of Reply, ¶ 4.) This return was disallowed because it was not signed and omitted more than $8,000 worth of gambling winnings third parties reported paying to the Wroblewskis. (Id.) The Wroblewskis have failed to raise a triable issue of fact with respect

to whether they filed returns for tax years 1994, 1995, and 1996.[2] As a result, the Court finds that the Wroblewskis' tax liabilities for these years were not discharged in bankruptcy.

With respect to the Wroblewskis' joint liabilities for tax years 1997-2001, the United States contends that these liabilities were non-dischargeable under section 523(a)(1)(C) because the Wroblewskis willfully attempted to evade them. Specifically, the United States has submitted evidence that in 2000, the Wroblewskis transferred title to the Subject Property to Thomas J. Martiniak, Mrs. Wroblewski's brother, for little to no consideration, while maintaining control of the property. At the time of the transfer, the Wroblewskis did not have substantial assets other than the Subject Property. (Depo. of Sharon M. Wroblewski (Ex. 2 to Pitman Decl.) at 128:13-16.) Mrs. Wroblewski, a realtor, orchestrated the transaction; she contacted the title company and lender and arranged for the paperwork to be drawn up. (Martiniak depo. (Ex. 1 to Pitman Decl.) at 20:6-8.) Martiniak and the Wroblewskis agreed that Martiniak would buy the house, and the Wroblewskis would pay him rent on the house in an amount equal to his monthly expenses. (Id. at 19:22-24.) Martiniak did not make a down payment in connection with the purchase, despite paperwork indicating otherwise. (Id. at 28:12-14.) The Wroblewskis covered all of Martiniak's mortgage and property tax payments. (Id. at 43:7-44:4; Depo. of Gerald J. Wroblewski (Ex. 3 to Pitman Decl.) at 31:11-12, 32:4-12.) The Wroblewskis retained control over the Subject Property during Martiniak's ownership of the property. (Martiniak depo. at 20:1-2, 60:20-22.) In 2003, the Subject Property was transferred back to Mr. Wroblewski, with no money exchanged. (Depo. of Gerald J. Wroblewski at 26:21-25.)

The Wroblewskis state that the reason they sold the Subject Property to Martiniak was because they wanted to move to the State of Washington but were having difficulty selling the house. (Decl. of Sharon M. Wroblewski, ¶ 20.) According to the Wroblewskis, they

---

[2] In their opposition, the Wroblewskis argue that certain abatements reflected in the Certificates of Assessments and Payments might be evidence that returns were actually filed. However, IRS Officer Rosanna Savala explains that the abatements identified by the Wroblewskis were due to the IRS's conclusion that the underlying assessments, which were the result of forgiveness of debt income reported by a third party, were discharged in banrkuptcy. (Decl. of Rosanna Savala in Support of Reply, ¶ 10.)

1  expected the property to eventually be resold to a third party at or around the price Martiniak
2  bought the house for. (Id. at ¶ 21.) However, the Wroblewskis ended up not moving, and
3  the property was not sold to a third-party. (Id. at ¶ 22.) The Wroblewskis also claim that the
4  Subject Property was deeded back to Mr. Wroblewski at the urging of an IRS officer named
5  Mr. Rude. (Id. at ¶ 28.)

6        The Wroblewskis do not, however, refute the essential aspects of the transaction –
7  i.e., the Subject Property was the Wroblewski's only substantial asset; title was transferred
8  to Martiniak; Martiniak did not have to pay any out-of-pocket expenses in connection with the
9  purchase or subsequent ownership of the property; the Wroblewskis retained control over
10 the property throughout Martiniak's ownership of it; and the property was transferred back
11 to Mr. Wroblewski without consideration. In addition, the transfer of the Subject Property
12 occurred less than two weeks after the Tax Court issued an opinion entering judgment
13 against Mrs. Wroblewski for tax years 1994, 1995, and 1996 in the amount of $96,868.75.
14 (Ex. 4 to Pitman Decl.) These facts, when considered together with the Wroblewskis' past
15 failure to file individual returns, are sufficient to establish that the Wroblewskis willfully
16 attempted to evade their joint liabilities for 1997 through 2001. See In re Griffith, 206 F.3d
17 1389, 1396 (11th Cir. 2000) (holding that an intra-family transfer of property for little to no
18 consideration supported a finding that the debtor willfully attempted to evade payment of
19 taxes); See also Dalton v. IRS, 77 F.3d 1297 (10th Cir. 1996) (affirming bankruptcy court's
20 finding that taxpayer willfully attempted to evade taxes by transferring property to betrothed
21 where there was no documentation properly accounting for the transaction).

22       Mrs. Wroblewski argues that since she was never on the title to the Subject Property,
23 the transfer of the property to Martiniak cannot be held against her. This argument lacks
24 merit. The proper inquiry is whether Mrs. Wroblewski engaged in actions designed to defeat
25 the collection of taxes owed jointly by herself and her husband. As pointed out by the United
26 States, the best avenue available to the IRS for the collection of the Wroblewskis' joint tax
27 liabilities was foreclosure upon the Subject Property. Mrs. Wroblewski actively participated
28 in the plan to transfer the property to her brother so that the property would be shielded from

tax collection proceedings.  Therefore, the Wroblewskis' joint liabilities for tax years 1997 through 2001 were rendered non-dischargeable in their entirety under section 523(a)(1)(C).

C.  <u>Foreclosure</u>

The United States seeks to foreclose federal tax liens against the Wroblewskis' interest in the Subject Property.  However, according to the Wroblewskis, on August 20, 2008, the lender holding the First Deed of Trust foreclosed on the property. (Decl. of Sharon M. Wroblewski, ¶ 8.)  The United States concedes that if this is true, the United States' foreclosure claim would be impacted.  Accordingly, the Court denies the United States' motion for summary judgment as to this claim.  Upon further investigation, the United States may either request that the foreclosure claim be dismissed or may file a new motion for summary judgment on the claim.

## III.  CONCLUSION

For the reasons discussed above, the United States' Motion for Summary Judgment is **GRANTED** as to the first, second, and third claims for relief (to reduce assessments to judgment) and is **DENIED** as to the fourth claim for relief (to foreclose federal tax liens).

The Clerk shall enter judgment in favor of the United States and against (1) Defendant Gerald J. Wroblewski in the amount of $36,035.03, plus interest accruing after September 5, 2008 pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c), until paid; (2) Defendant Sharon M. Wroblewski in the amount of $47,990.63, plus interest accruing after September 5, 2008 pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c), until paid; and (3) Defendants Gerald J. and Sharon M. Wroblewski, jointly and severally, in the amount of $225,779.29, plus interest accruing after September 5, 2008 pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c), until paid.

The Judgment is not final because the foreclosure claim is still pending.  In addition, it is unclear to the Court whether the United States requests that the Court declare the validity and amount of its liens independent of the foreclosure claim.  If the United States

requests such relief, the United States shall, within 30 days of this Order, file papers indicating as such and explaining why such relief is necessary.

**IT IS SO ORDERED.**

DATED:  January 16, 2009

Honorable Barry Ted Moskowitz
United States District Judge